No. 14-0058 - *Citynet, LLC v. Ray Toney*

**FILED**

**February 6, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, dissenting:

I disagree with the majority decision. As I read Citynet's Employee Incentive Plan, the plaintiff was not entitled to redeem the entire balance of his vested fringe benefits when he quit.

In Syllabus Point 5 of *Adkins v. American Mine Research, Inc.*, 765 S.E.2d 217 (W.Va. 2014), this Court reaffirmed the principle that the determination of whether a fringe benefit is a "wage" payable under the Wage Payment and Collection Act "is governed by the terms of the employment agreement, whether written or in the form of a consistently applied unwritten policy." According to § 5.7(b) of the written Incentive Plan, the plaintiff was only entitled to redeem up to a maximum of 20% of his vested balance each calendar year. Citynet appears to have structured the plan to maintain the stability of its investments in the Incentive Plan, and to only allow employees to make withdrawals at limited times, in limited amounts. I am not wholly convinced that the majority opinion's interpretation of the Incentive Plan is correct, because it interprets the written language in a way that destabilizes the Incentive Plan for employees other than the plaintiff.

Put simply, I would have reversed the circuit court and entered judgment in favor of the employer.